BOGERT & KNEELAND *vs.* DORSEY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An agent or factor will not be made liable for loss on sales of the article consigned, if it appears from the evidence it was deteriorated when received, and that he acted with diligence and fidelity in the discharge of his trust.

This is an action to recover from the defendant two thousand two hundred dollars, with interest at seven per cent., being the balance due on an acceptance of four thousand dollars, for a draft drawn by the latter on the plaintiffs against a consignment of bacon hams, and which were sold at a loss.

The defendant pleaded a general denial. Under this issue, a mass of testimony was taken and offered by the plaintiffs and defendant, to show the condition of the bacon consigned, and the manner in which the plaintiffs discharged their duty as factors and agents in making sales. The case turns mainly on questions of fact, which were submitted to the jury to be decided on the evidence.

There was a verdict and judgment for the plaintiffs, from which the defendant appealed.

*T. Slidell,* for the plaintiffs.

*G. B. Duncan,* contra.

*Morphy, J.,* delivered the opinion of the court.

The plaintiffs are commission merchants in New-York, and seek to recover two thousand two hundred dollars and fifty-four cents, the difference between the proceeds of a consignment of certain hogsheads of hams, made to them by defendant, and the amount paid by them on a bill drawn by defendant against said shipment. This claim is resisted, on the ground that through the plaintiffs' neglect and want of proper diligence in disposing of the hams, they remained on hand a long time, deteriorated, and were finally sold at a very heavy sacrifice. No particular instructions appear to have

been given by the defendant to his agents. The evidence
shows that upon the arrival of the hams in New-York, in
November, 1836, the plaintiffs employed brokers and auc-
tioneers to make a sale of them ; that the market being
dull, they could succeed in selling part of the hams only, by
retailing them in small lots at tolerable ·prices ; that from
time to time they apprised defendant of the difficulty they met
with in disposing of their goods. The witnesses of defendant,
on the other hand, testify that during that season hams were
in good demand, and that large quantities of the article were
sold at fair prices. The apparent contradiction in the evi-
dence on this head, can be easily accounted for by the well-
established facts that defendant's hams arrived in New-York
when new hams were making their appearance in the market,
which then became very dull for old hams ; that several
persons who had purchased some of the defendant's hams
expressed great dissatisfaction as to their quality ; one of
them actually refused to receive forty tierces of them
because, on examination, they were found to be tainted.
From these facts, we cannot but draw the inference that
these hams must have been kept on hand in this place
too long before they were shipped to New-York, because, in
that cold climate, it is altogether improbable that they had
so deteriorated in a few months as to be almost valueless.
If the plaintiffs, then, have not succeeded in selling these
hams sooner, it appears to us to be owing, in a great
measure, to the bad quality of the article, especially when
it is considered that it was their interest to sell as soon as
possible, to reimburse themselves the amount of defendant's
draft which they had already paid. The impression, there-
fore, made on our minds by the whole testimony, coincides
with that of the jury, who gave their verdict for the
plaintiffs. We think that they were diligent in the dis-
charge of their trust, and showed themselves anxious to do
every thing in their power to promote the interest of their
principal.

A bill of exceptions was taken to the Judge's refusal to
charge the jury, that if from the evidence they believed that

EASTERN DIST.
February, 1840.
───────────
HERRIES
vs.
BOTTS.

the plaintiffs were guilty of negligence in the discharge of their obligations to the defendant, it was sufficient to render them liable in damages to the latter. From the reasons assigned by the judge for his refusal so to charge, we infer that he did not dissent from the position taken by defendant's counsel, but that he thought he had already in different terms sufficiently instructed the jury to the same effect. We have before us the charge itself, and do not think that its language could have misled the jury, although it should, perhaps, have been more pointed as to the liability created by the negligence of an agent.

It is, therefore, ordered, that the judgment of the District Court be affirmed with costs.